1  GARY R. BASHAM (SB# 130119)
   NATHAN T. JACKSON (SB# 285620)
2  BASHAM LAW GROUP
   8801 Folsom Blvd., Suite 177
3  Sacramento, CA  95826
   Telephone:  (916) 993-4840
4  Facsimile:  (916) 266-7478

5  Attorneys for Plaintiff
   DAVID WARD
6

7  E. JEFFREY GRUBE (SB# 167324)
   KATHERINE HUIBONHOA (SB# 207648)
8  C. YEWLEH CHEE (SB# 281710)
   jeffgrube@gbgllp.com
9  katherinehuibonhoa@gbgllp.com
   yewlehchee@gbgllp.com
10 GRUBE BROWN & GEIDT LLP
   601 Montgomery Street, Suite 1150
11 San Francisco, CA  94111
   Telephone: (415) 603-5000
12 Facsimile:  (415) 840-7210

13 Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
14 CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WARD, | No. 2:16-cv-00450-KJM-DB |
| Plaintiff, | **JOINT STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

1  WHEREAS, Plaintiff David Ward ("Plaintiff") filed various statutory, tort, and wage claims against Defendant International Business Machines Corporation ("IBM") arising out of Plaintiff's termination;

WHEREAS, IBM disputes and denies all of Plaintiff's claims;

WHEREAS, certain of the information to be produced by the parties in discovery may reveal or reflect confidential, commercially sensitive, private, or proprietary information, including but not limited to documents and information relating to IBM's confidential human resources and internal audit process and communications, confidential internal communications between IBM employees, confidential information regarding IBM customers, confidential personnel information, and other confidential and proprietary information concerning IBM, its business, its employees, and its customers, the disclosure of which could cause harm to, or invade the privacy of, one or more of the parties herein or non-parties;

WHEREAS, the parties are interested in permitting discovery to proceed without the delay that may be occasioned by possible disputes regarding confidential, commercially sensitive, private, or proprietary information, and they seek to limit disclosure of such information to this proceeding; and

WHEREAS, the parties agree that the entry of this Joint Stipulation and Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information pursuant to Civil Local Rule 141.1(b)(1),

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective counsel of record, as follows:

1. Any and all documents, materials, testimony, or other information produced by or obtained from any of the parties hereto or from non-parties in the course of this litigation, whether given voluntarily, produced in preparation of mediation, or produced in response to or during discovery, as well as any pleading, discovery responses, briefs, or other writings which reveal, reflect, or otherwise refer to any of the documents, materials, testimony, or other information referred to above, shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose whatsoever.

2. Any party producing documents or information ("Producing Party") may designate as "Confidential" any other information which is not generally available to the public, or which a Producing Party has maintained in confidence, or the disclosure of which a Producing Party reasonably believes is likely to or would harm the business or invade the privacy of the Producing Party, IBM employees, IBM customers, or persons or other organizations from which the information was obtained.

3. The "Confidential" information identified in paragraph 2 shall collectively be called "Protected Information." Protected Information shall be treated as confidential unless the Court orders otherwise or the Producing Party withdraws such designation.

4. Protected Information designated as "Confidential" shall be marked with a CONFIDENTIAL label stamp or electronic marking. Any such label, stamp, or marking that is inadvertently omitted may be corrected by written notification to all counsel of record. Deposition testimony may be designated as "Confidential" by an appropriate statement on the record at the time such testimony is given, or may be marked as "Confidential" within sixty (60) days of receipt of the transcript by written notification to all counsel of record.

5. Protected Information shall be held in strictest confidence and shall be kept in a secure location by all designated counsel in this litigation. Protected Information shall be disclosed only to those persons identified in Paragraph 6 below.

6. Access to Protected Information or any information derived therefrom shall be limited to the following:

    a. The Court, its employees, court reporters, and the jury;

    b. Counsel for the respective parties and employees or other clerical assistants of said counsel who are assisting in the prosecution or defense of this litigation;

    c. Named parties, officers, directors, and employees of any of the parties who are assisting counsel in the prosecution or defense of this litigation;

    d. Any neutral person who may be selected by the parties to preside over any private mediation, settlement conference, or early neutral evaluation;

   e. Third-party contractors involved in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and to the employees of third-party contractors performing one or more of these functions;

   f. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel for the purpose of analyzing data, conducting studies, or providing opinions to assist in this litigation;

   g. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

   h. Any other individual or entity as to whom counsel for the Producing Party and counsel for the party seeking to disclose the Protected Information agree in writing;

   i. Non-party witnesses assisting counsel in the prosecution or defense of this case; and

   j. Any party and non-party witnesses when presented with Confidential and/or Protected Information during deposition questioning;

  7. Prior to disclosure of Protected Information to any person identified in Paragraphs 6(f), (h), and (i), such person shall agree in advance to be bound by this Protective Order by signing a copy of the Certification attached as Exhibit A.  Counsel for the relevant party shall keep the original of each executed Certification.

  8. This Protective Order shall be without prejudice to the right of a Producing Party to seek additional protection for any Protected Information.

  9. The designation of Protected Information as "Confidential" pursuant to the Protective Order shall not be construed as a concession by the Producing Party that such information is relevant, material, or admissible as to any issue.  Nothing in the Protective Order

shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall the Protective Order be construed to require the production of any particular testimony, documents, evidence, or other information.

10. In the event that a party objects to the designation or non-designation of information and/or documents as "Confidential," that party will so notify the Producing Party in writing. The parties shall attempt to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, the Producing Party shall indicate in writing the reason for the designation or non-designation. The party or parties opposing the designation or non-designation may present such dispute to the Court, by motion or otherwise. Before presenting the dispute to the Court, the parties shall take reasonable steps to exhaust their efforts to resolve the dispute(s) on an informal basis by engaging in meet-and-confer discussions with exchange of written points and authorities, and giving the Producing Party the opportunity to modify or otherwise cure the designation or non-designation. In any judicial resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality. The prevailing party shall be entitled to attorneys' fees and costs.

11. Inadvertent production of any document or other information that a party to this action or non-party witness believes should be designated as "Confidential" during discovery, or otherwise, may be retroactively designated by written notice designating each document by Bates number or other identifying information and shall be treated as so indicated from the date written notice of the designation is received.

12. If a Producing Party inadvertently provides any information subject to a claim of attorney-client privilege, attorney work product doctrine, or other privilege, the Producing Party may, promptly after discovering such inadvertent disclosure, inform the receiving party or parties of the privileged nature of the disclosed information, and the receiving party or parties shall treat the disclosed information as "Confidential" under the Protective Order. The receiving party or parties shall destroy the original and all copies of the assertedly privileged documents (and destroy all summaries of same), within five (5) business days of receipt of the written notice from the Producing Party, and provide the Producing Party with a written certification of the

1   destruction within the following two (2) business days.  To the extent the receiving party or
2   parties have already disclosed this information, such parties shall promptly notify the Producing
3   Party as to the specific recipients of such information and shall take all reasonable steps to
4   remove such information from said recipients.  If a party or counsel for a party receives a
5   document or other information that appears on its face to be inadvertently produced and subject
6   to a claim of privilege, counsel for the receiving party will inform counsel for the Producing
7   Party promptly after becoming aware of the disclosure.  Inadvertent production of privileged
8   information shall not constitute waiver by the producing party.

9        13.    At the time of filing a motion to seal involving Protected Information, the
10  submitting party shall follow the procedure provided in Civil Local Rule 141.  Should the Court
11  deny the motion or application to seal, the party attempting to file the Protected Information will
12  be deemed to have complied with the Protective Order.

13       14.    The Protective Order shall remain in full force and effect until modified,
14  superseded, or terminated by further order of this Court, and shall survive the termination of this
15  litigation; provided, however, that the Protective Order may be amended by stipulation between
16  the parties to this litigation or upon regularly-noticed motions to the Court.

17       15.    Except as otherwise agreed in writing by the Producing Party, at the conclusion of
18  this litigation and any appeals herein, whether this litigation be settled or otherwise resolved in
19  full prior to trial, or tried on the merits, all Protected Information and all copies thereof produced
20  by any party in this litigation or otherwise obtained from any party or non-party shall upon
21  written request be promptly returned to the Producing Party or destroyed with the consent of the
22  Producing Party.

23       16.    The foregoing is without prejudice to the right of any party to apply to the Court
24  for (a) a further protective order relating to any writing, whether or not it is identified above; (b)
25  an order amending or modifying the Protective Order; (c) an order protecting against other
26  discovery, or other use of the documents identified above; or (d) an order permitting the further
27  production, discovery, disclosure, or use of any documents, including those identified above.
28

1    17.    This Protective Order may be executed in counterparts.  The Protective Order
2 shall bind the parties upon their placement of signatures, even if the Court has not yet signed it.
3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 9, 2016                    BASHAM LAW GROUP


                                         By:    /s/ Nathan T. Jackson
                                                NATHAN T. JACKSON

                                         Attorneys for Plaintiff
                                         DAVID WARD


Dated: August 9, 2016                    GRUBE BROWN & GEIDT LLP


                                         By     /s/ Katherine C. Huibonhoa
                                                KATHERINE C. HUIBONHOA

                                         Attorneys for Defendant
                                         INTERNATIONAL BUSINESS MACHINES
                                         CORPORATION

**ORDER**

Pursuant to the parties' request, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), petition for cert. filed, ___ U.S.L.W. ___ (U.S. March 24, 2016) (No. 15-1211); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

/////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated:  August 18, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## **CERTIFICATION**

I hereby certify my understanding that Protected Information is being provided to me pursuant to the terms and restrictions of the Joint Stipulation and Protective Order ("Protective Order") in the case of *David Ward v. International Business Machines Corporation*, United States District Court, Eastern District of California, No. 22:16-CV-00450-KJM-DB.  I have read the Protective Order, and I agree to be bound by it.  I will not reveal the Protected Information, except as allowed by this Protective Order.  I will maintain all such Protected Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this litigation, I will return the Protected Information – including copies, notes, or other transcriptions made therefrom – to counsel who provided me with the Protected Information.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order.


Date: _____

Signature: _____

Printed name: _____